NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—July, 1887.

MATTER OF DELAPLAINE.

*In the matter of the probate of the will of* JOHN F. DELAPLAINE, *deceased.*

After the removal of a probate proceeding from the Surrogate's court of New York county to the Court of Common Pleas, pursuant to Code Civ. Pro., § 2547, as amended in 1886, it is doubtful whether the Surrogate can vacate the order of transfer in order to entertain an application for an order for the examination, before trial, of a witness about to leave the State, although the latter tribunal has no power to direct the examination under Code Civ. Pro., §§ 870, 872.

MOTION for order vacating order transferring special proceeding to Court of Common Pleas.

H. W. TAFT, *and* D. H. CHAMBERLAIN, *for the motion.*

L. B. CHASE, BILLINGS & CARDOZO, *and* J. A. WELCH, *opposed.*

THE SURROGATE.—In the exercise of the discretionary authority conferred upon him by § 2547 of the

Code of Civil Procedure, the Surrogate made an order on October 25th, 1886, transferring the above entitled proceeding to the Court of Common Pleas.   On June 2d, 1887, the petitioners for probate of the paper claimed to be a codicil to this decedent's will obtained from that court an order for the examination before trial, of a witness who was about to leave the State.   This order was subsequently vacated, on the ground that the Code provisions upon which it was founded have no application to special proceedings, but are confined to actions.

In view of the fact that the proponents, because of the peculiar circumstances surrounding this case, will be unable, as they claim, to present the testimony upon which they rely unless they can be allowed to take such testimony by commission, they now ask 'me to vacate and set aside the order of transfer aforesaid, and to reassume control of the controversy over probate.   It is claimed by the respondents that the Surrogate's court has divested itself of authority in the premises by the order of transfer, and that the jurisdiction of the Court of Common Pleas has irrevocably attached.

It is true that, by the terms of the order, which is in strict conformity with the Statute on which it is based, the special proceeding for probate is itself transferred, but it is nevertheless insisted by the proponents that a careful reading of § 2547, as a whole, shows that it merely contemplates the trial, in the Court of Common Pleas, of controverted questions of fact by a jury—a proceeding in the special proceeding for probate,—and that in all respects, except as regards such a trial, the Surrogate's jurisdiction of the proceed-

ing itself, after a transfer, remains as complete as if such transfer had never been made.

If the situation existing when this application was presented were in all respects unchanged, the continuance of this proceeding in the Court of Common Pleas would seem to render it impossible for the proponents to secure evidence without which they cannot safely go to trial. But public notice has been given that, during the coming month, the Surrogate will be absent from the city, and that until his return the powers and jurisdiction of the Surrogate's court will be exercised by the Court of Common Pleas. Under these circumstances, as I have great doubts whether I have power to vacate the order of transfer, I decline to do so. The proponents may doubtless obtain from the Court of Common Pleas, in my absence, an order for the examination of witnesses whose attendance they will be unable to procure at the trial.